IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HECTOR MELENDEZ ESCOBAR, | ) | 8:11CV112 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| POTTAWATTAMIE COUNTY | ) | |
| JAIL, and DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, | ) | |
| | ) | |
| Respondents. | ) | |

The petitioner, Hector Melendez Escobar, filed a Petition for Writ of Habeas Corpus on March 29, 2011. (Filing No. 1.) Mr. Melendez Escobar was thereafter given leave to proceed in forma pauperis. (Filing No. 6.) This matter is now before the court for initial review to determine whether the claims made by Mr. Melendez Escobar are, when liberally construed, potentially cognizable in federal court.

Upon initial review, the court finds that this court is not the proper venue for this matter. Indeed, "[d]istrict courts are limited to granting habeas relief within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quotation omitted). In a habeas proceeding, "the proper Respondent is the warden of the facility where the prisoner is being held." *Id.* "The plain language of the habeas statute confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also Thompson v. Missouri Bd. of Parole*, 929 F.2d 396, 398 (8th Cir. 1991) (noting that, even though the petitioner sought relief against the state of Missouri relating to Missouri's state detainer, "[p]roper venue lies in the District of Minnesota, as that court has jurisdiction over [the petitioner's] present custodian") (quotation

omitted).[1]

Here, Mr. Melendez Escobar is currently confined in the Pottawattamie County Jail in Council Bluffs, Iowa. Nebraska is not the district of confinement and therefore the United States District Court for the District of Nebraska is not the proper venue for this matter. In light of the statute of limitations and other issues, the court will not dismiss this matter. Rather, this matter is transferred to the United States District Court for the Southern District of Iowa for further proceedings.

IT IS THEREFORE ORDERED that:

1. This matter is transferred to the United States District Court for the Southern District of Iowa.

2. The clerk of the court is directed to take all necessary steps to transfer this matter.

Dated May 31, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[1] In addition, Petitioner does not allege, nor does the record show, that the State of Nebraska has lodged a detainer on Petitioner or has any other involvement in Petitioner's current confinement. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-99 (1973) (establishing a flexible jurisdictional rule and holding that there is "concurrent habeas corpus jurisdiction" by a federal district court in the district of confinement and a federal district court in the state which has lodged a detainer); *see also Parette v. Lockhart*, 927 F.2d 366, 366-57 (8th Cir. 1991) (applying *Braden* to cases brought pursuant to 28 U.S.C. § 2254). Thus, even applying this flexible jurisdictional rule, venue in Nebraska is improper.